Opinion issued June 2, 2005















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00470-CR




JAMES ANTHONY SPANOS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. 187,129




MEMORANDUM OPINION
          Appellant, James Anthony Spanos, appeals the revocation of community
supervision from his conviction for the misdemeanor offense of assault, pursuant to
which the trial court sentenced him to four months in jail. In his sole issue, appellant
contends that the trial court lacked jurisdiction to revoke his community supervision
because (1) the motion to revoke hearing was conducted after the community
supervision period had expired; (2) there is no evidence that a timely motion to
revoke community supervision was filed; and (3) there is no evidence that a capias
was issued for his arrest during the probationary period. We affirm.Procedural Background
          A jury convicted appellant of assault, and on March 21, 2000, the trial court
sentenced him to one year confinement, suspended for one year of community
supervision, and assessed a fine of $600. Appellant appealed his conviction, and his
community supervision was stayed pending the appeal. This Court affirmed his
conviction, and issued the mandate of affirmance on November 18, 2002. On January
30, 2003, the trial court entered an “Order After Mandate” in which it ordered
appellant to begin community supervision. 
          On October 30, 2003, the State filed a motion to revoke community
supervision, alleging that, on October 18, 2003, appellant violated the terms and
conditions of community supervision by committing the offenses of assault by
causing bodily injury and interference with 911 communication, and by failing to
notify his Supervision Officer of his arrest for these new offenses. The trial court
issued a capias for his arrest the following day, October 31, 2003. Appellant was
arrested three days later on November 3, 2003.
          The State filed its first amended motion to revoke community supervision on
January 8, 2004, alleging the same violations of the terms and conditions of
community supervision as in the original motion, and adding an allegation that, on
December 7, 2003, appellant committed the offense of violation of a protective order. 
The hearing to revoke community supervision was heard on April 2 and April 5,
2004. At the conclusion of the hearing, the trial court found all the allegations to be
true, except for the protective order allegation, and revoked appellant’s community
supervision. Discussion
          Appellant contends that his community supervision began on November 18,
2002, when this Court issued the mandate of affirmance, rather than on January 30,
2003, when the trial court ordered the community supervision to “commence upon
entry of this order” i.e., the order issued pursuant to the mandate of affirmance. 
Appellant asserts that, since his community supervision began when the mandate of
affirmance was issued on November 18, 2002, his community supervision term
expired on November 17, 2003, and the trial court no longer had jurisdiction to
revoke his community supervision (1) when the State filed its first amended motion
to revoke community supervision on January 8, 2004, and (2) when the hearing to
revoke community supervision was heard on April 2 and April 5, 2004. He further
contends that there is no evidence that the trial court issued a “capias/warrant” for his
arrest during the probationary period. 
          The Code of Criminal Procedure provides that a trial court may issue a warrant
for the arrest of a person on community supervision for violation of any of the
conditions of the community supervision at any time during the period of community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2004-2005). The Code further provides that, regardless of whether the period of
community supervision imposed on the defendant has expired, the trial court retains
jurisdiction to hold a hearing to determine whether the defendant has violated the
terms of the conditions of the community supervision at any time during the period
of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (Vernon
Supp. 2004-2005). The trial court may revoke, continue, or modify community
supervision, if, before the expiration of the term of the community supervision (1) the
attorney representing the State files a motion to revoke, continue, or modify
community supervision and (2) a capias is issued for the arrest of the defendant. Id.;
Nurridin v. State, 154 S.W.3d 920, 922-23 (Tex. App.—Dallas 2005, no pet h.).
          Even if we were to assume that appellant’s community supervision began on
November 18, 2002, when this Court issued the mandate of affirmance, rather than
on January 30, 2003, when the trial court ordered the community supervision to
begin, the record shows that a motion to revoke community supervision was filed on
October 30, 2003, and thus, well within the one-year community supervision term
that appellant asserts ended on November 17, 2003. Appellant has cited no authority
to support his argument that the State could not later amend the motion to revoke
community supervision.


 The record also shows that a capias authorizing the arrest
of appellant was issued on October 31, 2003, well within the one year community
supervision term that appellant asserts ended on November 17, 2003.


 
          We therefore hold that the trial court retained jurisdiction to hold the
revocation hearing on April 2 and April 5, 2004, a time beyond the expiration of
appellant’s one-year community supervision term, because the attorney representing
the State filed a motion to revoke community supervision and the trial court issued
a capias for the arrest of appellant during the term of appellant’s community
supervision. See id. Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do Not Publish. Tex. R. App. P. 47.2(b).